UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cedric Martino, | ) | C/A No. 6:11-3472-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Wayne McCabe, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Cedric Martino, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court conviction for armed robbery.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

Recommendation and he filed timely objections thereto.

The Report and Recommendation recites the factual and procedural background giving rise to this action. At issue is the petitioner's guilty plea to three counts of armed robbery for which he received a sentence of fifteen years in state court. The petitioner did not file a direct appeal, but did thereafter file an application for Post Conviction Relief (PCR), alleging ineffective assistance of counsel with regard to his guilty plea. The PCR was denied and petitioner's appeal of that decision was unsuccessful.

Petitioner now turns to this court with a § 2254 petition contending that his state trial counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), that counsel (1) did not advise petitioner of the possibility of deportation of his guilty plea as required by *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010); and (2) defense counsel was ineffective for misadvising him regarding the collateral consequences of his plea.

It is clear that petitioner's case was concluded prior to the *Padilla* decision, and subsequent to the entry of the Report and Recommendation in this case, the United States Supreme Court has held that *Padilla* is not retroactive. *Chaidez v. United States*, 133 S.Ct. 1103 (2013). Accordingly, petitioner's first claim fails as a result of this recent Supreme Court decision.

Secondly, petitioner contends that his plea counsel was ineffective for misadvising him regarding the collateral consequences of his plea by advising him that all of his charges in four counties would be resolved by his plea in Colleton County. This claim was raised in the State PCR action and the PCR court denied relief. In doing so, the PCR court found that

a review of the plea transcript revealed that no such representation was made to the petitioner. That court found that plea counsel conferred with the petitioner on numerous occasions and that petitioner was aware of the negotiated 15-year concurrent sentences on the three armed robbery indictments in Colleton County, but that he had no assurance from the State as to what might happen with the charges in the other counties. The petitioner signed the plea agreement, which did not mention the charges from the other counties, a month later. Finally, the PCR judge determined that the trial court judge who accepted petitioner's plea made it clear that the negotiated plea was for a 15-year sentence on the Colleton County offenses only.

On this record, the Magistrate Judge concludes that under 28 U.S.C. § 2254 (d) and (e), the petitioner cannot show the PCR court made an unreasonable determination of the facts in denying relief upon this claim. Furthermore, the Magistrate Judge suggests that the petitioner cannot show that the PCR court unreasonably applied federal law.

Petitioner, through counsel, contends in his objection memorandum that the Magistrate Judge erred in this respect. Petitioner suggests that the conclusion that the PCR court's decision was proper because the plea colloquy cured any improper advice given by defense counsel is contradicted by the record. This court has carefully examined the record in the underlying case and finds that the Magistrate Judge is correct in concluding that the State PCR judge did not make an unreasonable determination of the facts or unreasonably apply federal law.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference, and the petitioner's objections are overruled.

Accordingly, the respondent's motion for summary judgment (ECF No. 17) is granted and the § 2254 petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

March 18, 2013                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).